UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                              NO. 99-252

BRIAN O. LEE                                                       SECTION "K"

ORDER AND REASONS

Before the Court is petitioner Brian Lee's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, or in the alternative under 28 U.S.C. § 2241 as a Writ of Habeas Corpus (Rec. Doc. No. 625). Petitioner contends that (1) he was sentenced illegally beyond the maximum authorized by the United States Sentencing Guidelines because his sentence was based on facts not found by a jury; (2) petitioner was denied effective assistance of counsel; and (3) the Court should re-sentence petitioner within a range of 63 to 78 months. The Court has reviewed the pleadings, memoranda, and the relevant law and finds that the motion is without merit. Accordingly, the Court denies the motion for the following reasons:

**I. Background**

This criminal action arises out of a 1998 Drug Enforcement Administration ("DEA") investigation into a cocaine drug ring involving petitioner and others. *See* Rec. Doc. No. 633, Exh. C. In March 1999, petitioner Lee used proceeds from the illegal distribution of cocaine and

1

attempted to conceal their true source by providing a financial institution with false W-2 Forms and other documents. On April 8, 1999, the DEA conducted a court authorized Title III wiretap on a cellular phone used by an associate of Lee. Conversations were overhead in which Lee discussed the possession and distribution of cocaine hydrochloride, whereby his associate would make cocaine available for Lee to sell to street level dealers. After a confidential informant negotiated with Lee for the purchase of one kilogram of cocaine, the DEA obtained a state search warrant for Lee's home. The search subsequently found copies of the false W-2 forms, four additional ounces of cocaine, several weapons, and the $6,000 in government funds used by the confidential informant to buy the kilogram of cocaine.[1] *See* Rec. Doc. No. 633, Exh. C.

On December 8, 2000, a federal grand jury indicted Lee, charging him with one count of conspiracy to possess with intent to distribute more than five kilograms of cocaine; two counts of possession with intent to distribute more than 500 grams, but less than 5 kilograms of cocaine; five counts of use of a communication facility to facilitate the commission of a drug crime; and one count of money laundering. *See* Rec. Doc. No. 633, Exh. A. On December 14, 2000, Lee pled not guilty to all charges. On January 8, 2001, the date trial was scheduled to begin, Lee advised the Court that he wished to change his plea to guilty, pursuant to a plea agreement. Lee pled guilty to the charge of conspiracy to possess with intent to distribute more than five kilograms of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and 846, and to the charge of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(1).[2] *See* Rec. Doc. No. 633, Exh. B. The government and Lee

---

[1] This synopsis is derived from the Factual Basis to which the defendant attested to its veracity at the sentencing hearing.

[2] Under these statutes, the statutory sentence for 21 U.S.C. §§ 841(a)(1) and 846 is a mandatory minimum of ten years and a maximum of life and/or a fine not to exceed $4,000,000.00;

stipulated that the quantity of drugs involved in the conspiracy for sentencing purposes was at least 15 kilograms, but less than 50 kilograms, of cocaine hydrochloride. As a part of his plea agreement, Lee agreed not to contest his sentence in any post conviction hearing, including but not limited to a proceeding under 28 U.S.C. § 2255.[3] During the January 8, 2002 re-arraignment hearing, the Court carefully questioned Lee about his understanding of the consequences of his guilty plea and the appeal waiver contained in the plea agreement.[4] *See* Rec. Doc. No. 633, Exh. D. At sentencing,

---

the statutory sentence for 18 U.S.C. § 1956(a)(1)(B)(1) is a maximum of twenty years and/or a fine not to exceed the greater of twice the value of the property involved in the transaction or $500,000.00.

[3] The written plea agreement provides in relevant part:

> Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) any punishment to the extent it constitutes an upward departure from the Guideline range deemed most applicable by the sentencing court.

Rec. Doc. No. 633, Exh. B at 2.

[4] The Court asked Lee:

> Specifically, do you understand that you have waived your right to appeal any sentence that I may impose, including your rights to appeal under 18 U.S.C. § 3742, which provides for a review of a sentence, and under 18 U.S.C. § 2255, which provides for post conviction remedies, if there's a legal and constitutional basis for you to attack the conviction.
>
> Because you have waived these rights, you may appeal your conviction and/or sentence only under the following exceptions: First, you may appeal if I impose a sentence in excess of the statutory maximum. Second, you may appeal if I [impose] a sentence which constitutes an upward departure from the guideline range. Also you may appeal your sentence if you can show that you were deprived of certain constitutional rights, including the effective assistance of counsel. Do you understand

the Court sentenced Lee to a term of imprisonment of 139 months.  *See* Rec. Doc. No. 633, Exh. E. The judgment of the Court was entered on May 7, 2001 with his conviction becoming final 10 days later.

On June 29, 2005, petitioner Lee filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence.  Lee seeks relief based on *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), as well as *Apprendi* v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).  Lee maintains that his sentence was above the maximum sentence authorized by the United States Sentencing Guidelines because it was based on facts not found by a jury.  Lee also contends that he was denied effective assistance of counsel because his counsel did not advise him of the *Apprendi* decision, and he requests that he be re-sentenced under the pre-*Booker* mandatory sentencing scheme.  Lee believes that his "lawful authorized range of imprisonment" is 63 to 78 months, and since he has been incarcerated since July 1, 1999, this necessitates his immediate release.

**II. Analysis**

**A. 28 U.S.C. § 2255**

1. Timeliness of Petitioner's Motion

Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Publ. L. 104-132, 110 Stat. 1214 (1996), there is a one-year statute of limitations period in which a defendant may file for relief under 28 U.S.C. § 2255.  The statute reads in relevant part:

---

that sir?

Lee responded, "Yes, sir, I do."  Rec. Doc. No. 633, Exh. D.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The judgment and commitment order of Lee's conviction was entered by the Court on May 7, 2001. Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), Lee must have filed his notice of appeal within 10 days of May 7, 2001 to obtain appellate review of his conviction and/or sentence. Thus, in order to be timely, and excluding Saturdays, Sundays, and legal holidays, Lee's notice of appeal had to be filed on or before May 21, 2001. His petition under 28 U.S.C. § 2255 must also have been filed on or before May 21, 2001. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir.2004)("unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal for good cause or excusable neglect"). Petitioner Lee's motion was not filed until June 24, 2005, over three years after the one-year statute of limitations expired. Therefore, the petition was filed late and is barred under the one-year provision of 28 U.S.C. § 2255.

Lee contends that the one-year provision should not bar his motion because *Booker* as well as *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2351 (2004) had not yet been decided until long

5

after his one-year time limit expired.  Lee also explains that he did not know about the *Apprendi* decision until his fellow prisoners told him about it, and the facts supporting his claims could not have been discovered any earlier even through the exercise of due diligence.

Although Lee argues that the limitation period should run from (2) or (4) under 28 U.S.C. § 2255 to assess the timeliness of his petition, there is no retroactive application of *Booker or Blakely* and no basis for Lee to argue that he was prevented from filing his petition, and the Fifth Circuit has squarely held that "*Booker*'s holding is not retroactively applicable to cases on collateral review." *Padilla v. United States*, 416 F.3d 424 (5th Cir. 2005); *see also In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005).  Because any right recognized in *Booker* or *Blakely* was not made retroactively applicable to cases on collateral review, it does not extend the one-year time period during which Lee must have filed his § 2255 motion.  Consequently, the judgment in this matter became final ten days after May 7, 2001 and thus, Lee's motion is untimely, and barred under 28 U.S.C. § 2255 using the standard enunciated in subsection (1), the date on which the judgment of conviction became final.

2.  Petitioner's Waiver of Post-Conviction Relief

Even if Lee's motion was not untimely under 28 U.S.C. § 2244(d), he specifically waived his right to post-conviction relief in his plea.  As such, the relief sought should be denied. *See United States v. White*, 307 F.3d 336 (5th Cir. 2002).  As stated in *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994):

> Under *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992), a defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary.  'It is up to the district court to insure that the defendant fully understands [his] right to appeal and the consequences of waiving that right.' *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992).

*Id*. at 653.  During Lee's re-arraignment hearing, the Court specifically questioned Lee regarding his waiver of post-conviction relief and found him to be knowing and intelligent as to the consequences of the waiver contained in his plea.  *See* Rec. Doc. No. 633, Exh. D.  Lee was advised of the rights he was giving up by pleading guilty and indicated that he understood that he was waiving his right to appeal and to pursue post conviction relief under 28 U.S.C. § 2255.  *See* Rec. Doc. No. 633, Exh. D.  The Court finds that Lee understood the consequences of his plea and finds no evidence that suggests Lee's plea or his entry into the plea agreement was without knowledge or involuntary.

Lee reserved the right of appeal only in the case where the punishment imposed was in excess of the statutory maximum or if it constituted an upward departure from the guideline range deemed applicable by Court at sentencing.  Lee does not meet either of these exceptions.  His sentence of 139 months is below the maximum possible sentence of life for a violation of 21 U.S.C. §§ 841(a)(1) and 846 and is within the guideline range this Court found applicable of 135 months to 168 months.  *See* Rec. Doc. No. 633, Exh. D.  Lee also has not made a constitutional ineffective assistance of counsel claim that would survive his waiver.  *See, e.g., White*, 307 F.3d at 343 (holding that ineffective assistance of counsel claims survive a waiver "only when the claimed assistance directly affected the validity of the waiver or the plea itself.").  Thus, Lee's motion is also barred as a result of his waiver of post-conviction relief.

### 3. The Application of *Booker* to Petitioner's Case

If the Court were able to address the merits, Lee's motion still fails in light of the holding in *Booker*.  In *Blakely*, the Supreme Court held that a state sentencing guideline scheme which

7

allowed enhancements without the underlying facts being found by a jury was unconstitutional. *See Blakely*, 542 U.S. at 296.  This decision raised a question as to whether the United States Sentencing Guidelines and their use of enhancements was constitutional.  However, the Supreme Court's holding in *Booker* has resolved that question.  *See Booker*, 534 U.S. at 246-247.  In *Booker*, a majority of the Supreme Court found that the Federal Sentencing Guidelines were unconstitutional because their mandatory nature led to judges, not juries, finding facts that enhanced sentences. *See* Steve G. Kalar, *A Booker Advisory: Into the Breyer Patch*, 29 MAR Champion 8 (March 2005).  A different majority then severed and excised that portion of the Sentencing Reform Act of 1984 that made the Guidelines mandatory in nature.  The Guidelines are now advisory and require a sentencing court to consider the Guideline ranges, including the enhancements, while permitting the court to tailor the sentence in light of other statutory concerns.

> As stated in *United States v. Jones*, 2005 WL 1704910 (W.D. La. July 20, 2005):
>
> In *United States v. Mares*, the Fifth Circuit Court of Appeals held that judicial fact-finding is permissible.  *See United States v. Mares*, 402 F.3d 511 (5th Cir. 2005). The court explained that, "[t]he Guideline range should be determined in the same manner as before *Booker/Fanfan* . . .*Booker* contemplates that, with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing."  *Id*. at 519 (citing *Booker*, 543 U.S. at 233).  It is clear that in spite of *Booker,* this court was free to consider aggravating factors without violating [defendant's] Sixth Amendment rights. [Defendant's] argument that a judge acting alone cannot increase his sentence is without merit.

*Id*. at 3.  Considering the facts surrounding the instant case, the Court finds that it would have given Lee the exact same sentence had the Guidelines been advisory at the time of sentencing, and it would not have been unconstitutional to have done so, particularly in light of the disputed sentencing factors having been agreed to by Lee under Rule 11(e)(1)(C).  The Court's sentence was not an

illegal departure from the authorized maximum as Lee contends, but rather it was based on Lee's own stipulation of facts in the factual basis when he reached a plea agreement with the government.

## B. Ineffective Assistance of Counsel

Lee also seeks habeas relief based on ineffective assistance of counsel because his counsel failed to inform him of the decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). Even if Lee's motion was not time-barred and he had not waived post-conviction relief, the contention that Lee received ineffective assistance of counsel belies the record of this case. To make a valid claim for ineffective assistance of counsel, a petitioner must demonstrate both prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). A petitioner must show that (1) their counsel's performance was deficient; and (2) their counsel's deficient performance prejudiced their defense. *Strickland*, 466 U.S. at 687. As to the first prong of the test, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985)(citing *Strickland*, 466 U.S. at 694). A petitioner must also show, however, that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *See Apprendi*, 530 U.S. at 488-492. The Supreme Court reaffirmed its *Apprendi* holding in *Booker*, but clarified that the facts necessary to support a sentence exceeding the maximum authorized by a guilty plea or jury verdict "must be admitted by the defendant" or proved beyond a reasonable doubt to the jury. *Booker*, 543 U.S. at 244. In this

9

case, the facts at issue were admitted by petitioner Lee.  Lee admitted to the factual basis which stated the amount of cocaine involved in the conspiracy was more than 15 kilograms but less than 50, and stated that several weapons were found in Lee's home along with cocaine and cash.  Lee was thoroughly questioned by the Court during his re-arraignment hearing about his desire to plead guilty and admit the facts in the factual basis.  Thus, even if Lee could establish that his counsel failed to advise him of the *Apprendi* decision, the second prong of the *Strickland* test is not met.

Considering the overwhelming evidence supporting Lee's sentencing enhancement and the fact that Lee admitted the essential facts on which his sentence was predicated in the factual basis, the Court finds that as this alleged error would not have changed the result of the proceeding, it cannot meet the *Strickland* standard.

## C.  28 U.S.C. § 2241

As stated recently by the United States Court of Appeals for the Fifth Circuit:

Section 2255 provides the primary means of "collaterally attacking a federal sentence," *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000), and is the appropriate remedy for "errors that occurred at or prior to the sentencing." *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotation marks and citations omitted).  Section 2241, on the other hand, is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Tolliver*, 211 F.3d at 877.  A petition filed under § 2241 that attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion. *Id*.  However, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the savings clause of § 2255 if the petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver*, 211 F.3d at 878; *see also Christopher v. Miles*, 342 F.3d 378, 381-82 (5th Cir. 2003).

Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255.  *See Padilla v. United* States, 416

F.3d 424 (5th Cir. 2005); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *see also Lee v. Wetzel*, 244 F.3d 370, 373-75 (5th Cir. 2001).  As Lee is presently incarcerated in Yazoo City, Mississippi, this Court is without jurisdiction to make a savings clause determination under section 2241.  Thus, the Court must deny that portion of the motion without prejudice.

Accordingly,

**IT IS ORDERED** that petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (Rec. Doc. No. 625), or in the Alternative a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DENIED with prejudice** as to the relief sought pursuant to 28 U.S.C. § 2255 and **DENIED without prejudice** for lack of jurisdiction as to the relief sought pursuant to 28 U.S.C. § 2241.

New Orleans, Louisiana, this \_\_\_13th\_\_\_ day of April, 2006.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**